IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS KENARD JOE,         )<br>ID # 1047716,                             )<br>          Plaintiff,                      )<br>vs.                                              )<br>                                                    )<br>STATE OF TEXAS, et al.,          )<br>          Defendants.                   ) | No. 3:18-CV-0009-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management, including findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

**I. BACKGROUND**

Demarcus Kenard Joe (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice (TDCJ) Allred Unit, sues the State of Texas Secretary of Treasury; Dallas County Insurance Company; Bryan Collier, the Executive Director of TDCJ; and the United States District Court for the Northern District of Texas (Defendants) under 42 U.S.C. § 1983. (*See* doc. 1.) In 2001, Plaintiff was convicted of capital murder in Cause Nos. F01-21548 and F01-21550, and sentenced to imprisonment for life. *See Joe v. Fitzsimmons*, No. 3:16-CV-275-L-BH, 2016 WL 1594348, at *1 (N.D. Tex. Mar. 17, 2016), *rec. adopted,* 2016 WL 1588150 (N.D. Tex. Apr. 20, 2016). He had previously been convicted of unlawful use of a motor vehicle in 2000 in Cause No. F0049647 and sentenced to three months of probation. *See id.* In a prior § 1983 action in this district, Plaintiff contended that the murder charges had been dismissed, and that he had been re-indicted in violation of the Double Jeopardy Clause of the United States Constitution. *Joe v. Davis*, No. 3:16-CV-2963-K-BF (N.D. Tex. Dec. 14, 2016), doc. 12 at 1. His claims were dismissed with

prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.,* (N.D. Tex. Jan. 12, 2017) (docs. 21, 22).

Plaintiff now claims that he requested court records for his prior state criminal cases, and that the capital murder charges had been dismissed. (*See* doc. 1 at 5.) He claims that Bryan Collier is the chief officer for Cause Number 2016-CR-4194, and that he requested information on a "nunc pro tunc," a time calculation correction, and a court order. (*Id.*) He claims that in a separate civil action in this district, No. 3:17-CV-2850-G, this Court and the United States Court of Appeals for the Fifth Circuit have "heard the hearing" "in double jeopardy" and are holding his "financial check, money, and receipts (notes) in this Court." (*Id.*) He seeks "court (transcripts) records-federal courts," the time calculation correction, the nunc pro tunc order, and $30,000,005,000.00 in damages. (*See id*. at 6.). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the TDCJ Allred Unit who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff expressly sues the defendants under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**     *Bivens*

Plaintiff seeks court records, but he does not specifically identify any court records that he seeks. He does not allege that his request for court records was denied, any constitutional right to court records, or how he was harmed by any denial of a request for court records.

To the extent that Plaintiff is suing the Court for copies of records in his federal cases, § 1983

3

does not apply when only federal action is at issue. *See Williams v. Wood*, 612 F.2d 982, 984 n. 1 (5th Cir. 1980). When a plaintiff alleges unconstitutional action by a federal actor, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"). "Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff." *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (internal citation omitted).

To the extent that Plaintiff seeks to assert a *Bivens* action against the Court, *Bivens* only provides a remedy for victims of constitutional violations by government officers in their individual capacities. It does not provide for a cause of action against the United States, *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999), or a federal agency, *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Plaintiff has not alleged any viable *Bivens* claim against the Court.

Notwithstanding the failure to state an viable *Bivens* claim against the Court, any claim relating to a failure to provide copies of his cases fails to state a claim. There is no constitutional

4

right to free copies of court records. *United States v. Peralta-Ramirez*, 266 F. App'x 360, 361 (5th Cir. 2008) (per curiam) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)); *see also United States v. Herrera,* 474 F.2d 1049, 1049-50 (5th Cir.1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.")

Plaintiff also contends that this Court is holding his check, money, and receipts in Cause Number 3:17-CV-2850-G, in which he filed a petition for writ of habeas corpus challenging his capital murder convictions under 28 U.S.C. § 2254. His § 2254 petition was transferred to the Fifth Circuit as successive. Plaintiff does not allege that any funds are being improperly held, and he does not allege any basis for relief. The docket in that case does not show that the Court is holding any check, money, or receipt, and this claim is also frivolous.

**B.**     **Copies of Time Calculation Correction, Nunc Pro Tunc, and Court Order**

Plaintiff contends that he requested information about a time calculation correction, nunc pro tunc, and a court order. He does not specifically identify any of these documents that he allegedly requested information about or copies thereof. He does not allege that his request for information or copies was denied, and he does not allege how he was harmed by any denial of his request.

To the extent that Plaintiff seeks copies of state court records to challenge his prior convictions, he "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *See Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir. 2007), citing *Colbert v. Beto*, 439

5

F.2d 1130, 1131 (5th Cir.1971).¹  Under Tex. Gov't Code § 552.028(a), Texas governmental agencies are not required to accept or comply with records requests from prisoners or their agents, other than prisoners' attorneys. *See id*. at 725-26 (dismissing as frivolous the appeal from the dismissal as frivolous of a § 1983 claim regarding the denial of requests for state criminal court records; holding that plaintiff was not entitled to records under § 552.028(a) and that the state statute was not unconstitutional).

Plaintiff's conclusory allegations fail to state a claim against Brian Collier or any other state defendant, and his claims relating to any state court records are frivolous. *See Justice v. Jackson*, No. H-11-3661, 2012 WL 12905210 (S.D. Tex. Jan. 25, 2012) (claims regarding denial of state court records dismissed as frivolous).²

## IV.  RECOMMENDATION

The Court should **DISMISS** with prejudice the claims as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).³

---

¹ Plaintiff previously challenged his capital murder convictions and sentences under 28 U.S.C § 2254, and his petitions were dismissed as barred by the statute of limitations by amended judgment dated February 3, 2016. *See Joe v. Fitzsimmons*, No. 3:15-CV-3303-B (N.D. Tex. Feb. 3, 2016) (docs. 13, 17, 19).  He filed successive § 2254 petitions challenging the capital murder convictions that were transferred to the Fifth Circuit. *See Joe v. Davis*, No. 3:17-CV-2850-G (Nov. 30, 2017); *Joe v. Davis*, No. 3:17-CV-690-G (N.D. Tex. Mar. 27, 2017).  He challenged his conviction and deferred adjudication probation in Cause Number F00-49647 under § 2254, and it was dismissed for lack of subject matter jurisdiction because he was no longer in custody under Cause Number F00-49647. *See Joe,* 2016 WL 1588150.

² Plaintiff makes no allegations against Dallas County Insurance Company and has therefore failed to state a claim against it as well.

³ Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 22nd day of January, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE